UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

CAPPELLO CAPITAL CORP., )
    Plaintiff, )  NO. **CV-11-278-LRS**
     )
     )  **ORDER TRANSFERRING**
    v. )  **CASE AND REMAND MOTION**
     )  **TO BANKRUPTCY COURT**
AMERICANWEST BANK; )
SANDLER, O'NEILL & )
 PARTNERS, L.P.; and DOES 1-10, )
     )
    Defendants. )
_____)

**BEFORE THE COURT** is the pending motion by Plaintiff Cappello Capital Corporation ("Cappello") to remand this case to Los Angeles Superior Court (ECF No. 17). On July 27, 2011, the Honorable Margaret M. Morrow granted Defendants' Motion to Transfer, finding that this action should be transferred to the Eastern District of Washington under 28 U.S.C. §1412. See "Order Granting Defendants' Motion to Transfer (ECF No. 39). The Honorable Margaret Morrow also transferred Plaintiff's pending motion for equitable remand under 28 U.S.C. 1452(b) to this district court, and intimated in her opinion that this Court should transfer the remand motion to the United States Bankruptcy Court for the Eastern District of Washington, which is overseeing the Chapter 11 proceeding of AmericanWest Bancorporation ("AWBC").[1]

---

[1] *In re AmericanWest Bancorporation*, Debtor, Case No. 10-06097-PCW11.

**ORDER - 1**

1    The facts and procedural history of this case are lengthy and complicated and
2 as the parties are intimately familiar with the facts, the Court will recite only those
3 necessary for purposes of this order. On February 2, 2011, Cappello filed this
4 action, in the Superior Court of the State of California for the County of Los
5 Angeles, Cause No. SC111307, against AmericanWest Bank ("the bank"), and
6 Sandler, O'Neill & Partners ("Sandler") alleging claims for breach of contract,
7 breach of the covenant of good faith and fair dealing, intentional inducement of
8 breach of contract, intentional interference with contractual relations, unjust
9 enrichment, and imposition of a constructive trust. On March 3, 2011, the bank
10 removed the action to the United States District Court for the Central District of
11 California, invoking the court's bankruptcy jurisdiction under 28 U.S.C. § 1452.
12 The notice of removal asserts that the action is an "improper attempt to evade the
13 ongoing jurisdiction of the United States Bankruptcy Court for the Eastern District
14 of Washington" which is overseeing the Chapter 11 proceeding of AmericanWest
15 AWBC, and that it "interfere[s] with the effect of that court's final orders on the
16 very transactions challenged in [the plaintiff's] complaint." The notice of removal
17 contends that the action is "related to" the AWBC bankruptcy as that term is used
18 in 28 U.S.C. § 1334.

19    On March 14, 2011, the bank filed a motion to transfer the action to the
20 Eastern District of Washington. Cappello opposed the motion, and on April 4,
21 2011, filed a motion to remand, asserting that the court lacked jurisdiction to hear
22 the case because it is not "related to" the AWBC bankruptcy. Alternatively,
23 Cappello argued that the court should exercise its equitable discretion to remand
24 the action to state court under 28 U.S.C. § 1452(b). Defendants oppose Cappello's
25 remand motion.

26    Based on the well-articulated opinion of the Honorable Margaret M.

**ORDER - 2**

Morrow, which the undersigned concurs with, this Court declines to address Plaintiff's motion to remand. This motion shall be transferred, with this action, to the Bankruptcy Court in the Eastern District of Washington, who is in the best position to determine whether the case should be remanded.

"Generally, courts defer to the home court of the bankruptcy to decide the issue of remand or abstention." *Thomason Auto Group*, 2009 WL 512195 at *4. *See also MD Acquisition, LLC v. Myers*, No. 2:08-cv-494, 2009 WL 466383, *6 (S.D. Ohio Feb. 23, 2009) ("Questions of . . . equitable remand are also better left to the bankruptcy court. A review of [the relevant] factors reveals that the bankruptcy court is in the best position to consider many of them due to its familiarity with [the debtor's] ongoing bankruptcy proceedings and bankruptcy law, such as abstention or remand's effect on the efficient administration of [the debtor's] estate, the relationship between state and bankruptcy law, the relatedness of this proceeding to [the debtor's] main bankruptcy case, the actual substance of the core proceeding, and the bankruptcy court's docket"); *Orix Finance Corp. v. Nexbank*, SSB, Civil Action No. 3:08-CV-0550-B, 2008 WL 2796069, *4 (N.D. Tex. Jul. 15, 2008) ("[T]he Court finds that Judge Stern, [the bankruptcy judge,] with his intimate familiarity with the bankruptcy proceedings, is in the best position to determine if remand or abstention is appropriate and does not wish to deprive him of the opportunity to make that decision. Accordingly, transfer pursuant to § 1412 would promote the interest of justice"); *City of Liberal, Kansas v. Trailmobile Corp.*, 316 B.R. 358, 362-63 (D. Kan. 2004) ("Because the matter is related to a bankruptcy proceeding, because venue is permissible in the Northern District of Illinois, and because the convenience of the parties and the interests of justice support a transfer, the court will grant the defendants' motion. The validity of the motion to remand is properly determined by the transferee court").

**ORDER - 3**

1  This Court, concurring with the findings made by the Honorable Margaret M. Morrow, concludes the action should be transferred to the home court of the bankruptcy to decide the issue of whether to remand the action to Los Angeles Superior Court.

For the reasons set forth above, this action is **TRANSFERRED** to the Bankruptcy Court in the Eastern District of Washington.

**IT IS SO ORDERED**.

The Clerk shall transfer this case to the U.S. Bankruptcy Court, Eastern District of Washington.

The Clerk is hereby directed to enter this Order, furnish copies to counsel and the Clerk of the Bankruptcy Court, Eastern District of Washington, and close this file.

**DATED** this 19th of August, 2011.

*s/Lonny R. Suko*
_____
LONNY R. SUKO
United States District Judge

**ORDER - 4**