ORIGINAL

FILED

1 | **D**AVIS **W**RIGHT **T**REMAINE LLP
865 S. FIGUEROA ST.
2 | SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
3 | TELEPHONE (213) 633-6800
FAX (213) 633-6899

2011 MAR 14 PM 3: 32

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

4 | MARY H. HAAS (State Bar No. 149770)
maryhaas@dwt.com
5 | CRAIG MILLER (State Bar No. 73418)
craigmiller@dwt.com

6

7 | Attorneys for Defendant
AMERICANWEST BANK

8

9

10 | UNITED STATES DISTRICT COURT

11 | CENTRAL DISTRICT OF CALIFORNIA

12 | AT LOS ANGELES

13

14 | CAPPELLO CAPITAL CORP.,        ) Case No. CV 11-01838 MMM (AJWx)

15 |                Plaintiff,     ) **ANSWER AND**
                               ) **COUNTERCLAIMS**
16 |      vs.                      ) **OF DEFENDANT**
                               ) **AMERICANWEST BANK**
17 | AMERICANWEST BANK;           )
SANDLER, O'NEILL & PARTNERS,  )
18 | L.P.; and DOES 1-10, inclusive, )
                               )
19 |                Defendants.    )
                               )
20 | AMERICANWEST BANK,           )
                               )
21 |                Counterclaimant, )
                               )
22 |      vs.                      )
                               )
23 | CAPPELLO CAPITAL CORP.,      )
                               )
24 |                Counterdefendant. )
                               )
25

26

27

28

ANSWER AND COUNTERCLAIMS OF DEFENDANT
AMERICANWEST BANK - 1
DWT 16597001V1 0093414-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Defendant AmericanWest Bank, by and through its undersigned attorneys, answers Plaintiff Cappello Capital Corp.'s Complaint as follows:

## ANSWER

1.    Denied.

2.    Defendant states that the terms of the February 18, 2010 agreement speak for themselves and that the allegation in paragraph 2 does not take into account the subsequent modification of the agreement, and otherwise denies paragraph 2.

3.    Defendant states that SKBHC Hawks Nest Acquisition Corp. (**"SKBHC"**), not SKBHC Holdings LLC, purchased the shares of Defendant from AmericanWest Bancorporation for $6.5 million and infused $185 million into Defendant, admits that Sandler assisted with the transaction, denies that the transaction was a "Covered Transaction," denies that the Engagement Agreement as defined in the complaint was still in effect, denies that Cappello was still operating diligently under the Engagement Agreement and otherwise denies paragraph 3.

4.    Defendant states that, in October and November 2010, Cappello alleged, contrary to earlier discussions, that it was entitled to receive the fee that it seeks in this complaint and that Defendant advised Cappello that it was not entitled to receive said fee, states that it lacks knowledge as to how and when Cappello learned about the transaction with SKBHC, and otherwise denies paragraph 4.

5.    Defendant states that it is aware Cappello made allegations to Sandler regarding the SKBHC transaction and otherwise denies paragraph 5.

6.    Defendant admits that Defendants publicly announced the completion of the SKBHC transaction on December 20, 2010, and otherwise denies paragraph 6.

7.    Admitted.

8.    Admitted.

9.    Admitted.

10.    Denied.

11.    Denied.

ANSWER AND COUNTERCLAIMS OF DEFENDANT
AMERICANWEST BANK - 2
DWT 16597001v1 0093414-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

12.     Denied.

13.     Defendant states that the terms of the February 18, 2010 agreement speak for themselves, and that the allegation in paragraph 13 does not take into account the subsequent modification of the agreement, and otherwise denies paragraph 13.

14.     Defendant states that the terms of the February 18, 2010 agreement speak for themselves, and that the allegation in paragraph 14 does not take into account the subsequent modification of the agreement, and otherwise denies paragraph 14.

15.     Defendant states that the terms of the February 18, 2010 agreement speak for themselves, and that the allegation in paragraph 15 does not take into account the subsequent modification of the agreement, and otherwise denies paragraph 15.

16.     Defendant states that the terms of the February 18, 2010 agreement speak for themselves, and that the allegation in paragraph 16 does not take into account the subsequent modification of the agreement, and otherwise denies paragraph 16.

17.     Defendant states that the terms of the February 18, 2010 agreement speak for themselves, and that the allegation in paragraph 17 does not take into account the subsequent modification of the agreement, and otherwise denies paragraph 17.

18.     Defendant states that the terms of the February 18, 2010 agreement speak for themselves, and that the allegation in paragraph 18 does not take into account the subsequent modification of the agreement, and otherwise denies paragraph 18.

19.     Denied.

20.     Defendant lacks knowledge as to the matters set forth in paragraph 20 and accordingly denies same.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

ANSWER AND COUNTERCLAIMS OF DEFENDANT
AMERICANWEST BANK - 3
DWT 16597001v1 0093414-000001

21.     Defendant admits that Friedman Fleischer & Lowe, Goldman Sachs, and Oaktree Capital are principal investors in SKBHC, states that it is without knowledge of communications between Cappello and those entities during March and April 2010, and otherwise denies paragraph 21.

22.     Defendant lacks knowledge as to the matters set forth in paragraph 22 and accordingly denies same.

23.     Admitted.

24.     Defendant admits that Cappello contacted Defendant and Sandler shortly after October 27, 2010, and otherwise denies paragraph 24.

25.     Defendant admits that Cappello sent a letter to Defendant on October 28, 2010, states that the contents of the letter speak for themselves, denies that the letter accurately set forth the facts and the rights of the parties, and otherwise denies paragraph 25.

26.     Defendant admits that Cappello sent a letter to Sandler on October 28, 2010, states that the contents of the letter speak for themselves, denies that the letter accurately set forth the facts and the rights of the parties, and otherwise denies paragraph 26.

27.     Defendant admits that on October 15, 2010, it entered into an agreement with Sandler, which was subsequently approved by the United States Bankruptcy Court for the Eastern District of Washington, denies that "Cappello had the contractual right to be the exclusive financial advisor under the Engagement Agreement, which at the time was still in full effect," and otherwise denies paragraph 27.

28.     Defendant admits that the parties engaged in additional correspondence between October 28, and November 13, 2010, and otherwise denies paragraph 28.

29.     Denied.

ANSWER AND COUNTERCLAIMS OF DEFENDANT
AMERICANWEST BANK - 4
DWT 16597001v1 0093414-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

30. Defendant states that Sandler participated in the SKBHC transaction, states that Cappello did not participate in that transaction, denies that the transaction was a "Covered Transaction," and otherwise denies paragraph 30.

31. Defendant admits that on December 20, 2010, it announced that the SKBHC transaction was completed, with Sandler acting as financial advisor, denies that the transaction was a "Covered Transaction," and otherwise denies paragraph 31.

32. Defendant admits that it has refused to pay Cappello the amounts that Cappello seeks in this lawsuit, denies that any amount is due Cappello, and otherwise denies paragraph 32.

33. Defendant repeats, realleges, and incorporates by reference the responses set forth in response to paragraphs 1-32.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Defendant repeats, realleges, and incorporates by reference the responses set forth in response to paragraphs 1-32.

46. Admitted.

47. Denied.

48. Denied.

49. Denied.

ANSWER AND COUNTERCLAIMS OF DEFENDANT
AMERICANWEST BANK - 5
DWT 16597001v1 0093414-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

| | |
|---|---|
| 1 | 50.   Denied. |
| 2 | 51.   Denied. |
| 3 | 52.   Denied. |
| 4 | 53.   Denied. |
| 5 | 54.   Denied. |
| 6 | 55.   Denied. |
| 7 | 56.   Denied. |
| 8 | 57.   Denied. |
| 9 | 58.   Defendant repeats, realleges, and incorporates by reference the |
| 10 | responses set forth in response to paragraphs 1-32. |

59.   Denied.

60.   Denied.

61.   Defendant lacks knowledge as to the matters set forth in paragraph 61 and accordingly denies same.

62.   Defendant admits that it had entered into an agreement with Sandler on October 15, 2010, which agreement was approved by the United States Bankruptcy Court for the Eastern District of Washington, and otherwise denies paragraph 62.

63.   Denied.

64.   Denied.

65.   Denied.

66.   Denied.

67.   Denied.

68.   Denied.

69.   Denied.

70.   Denied.

71.   Defendant repeats, realleges, and incorporates by reference the responses set forth in response to paragraphs 1-32.

72.   Denied.

ANSWER AND COUNTERCLAIMS OF DEFENDANT
AMERICANWEST BANK - 6
DWT 16597001v1 0093414-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1      73.    Denied.

2      74.    Defendant lacks knowledge as to the matters set forth in paragraph 74

3 and accordingly denies same.

4      75.    Defendant admits that it had entered into an agreement with Sandler on

5 October 15, 2010, which agreement was approved by the United States Bankruptcy

6 Court for the Eastern District of Washington, and otherwise denies paragraph 75.

7      76.    Denied.

8      77.    Denied.

9      78.    Denied.

10     79.    Denied.

11     80.    Denied.

12     81.    Denied.

13     82.    Denied.

14     83.    Denied.

15     84.    Defendant repeats, realleges, and incorporates by reference the

16 responses set forth in response to paragraphs 1-32.

17     85.    Denied.

18     86.    Denied.

19     87.    Denied.

20     88.    Denied.

21     89.    Defendant denies that Cappello conferred any benefit upon it and

22 otherwise denies paragraph 89.

23     90.    Denied.

24     91.    Denied.

25     92.    Denied.

26     93.    Defendant repeats, realleges, and incorporates by reference the

27 responses set forth in response to paragraphs 1-32.

28     94.    Denied.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

95.     Denied.

96.     Denied.

## AFFIRMATIVE DEFENSES

By way of further answer and as affirmative defenses, Defendant alleges as follows:

1.     Plaintiff has failed to join indispensable parties.

2.     Personal jurisdiction over Defendant does not exist in this jurisdiction.

3.     Plaintiff's action is barred by its breach of contract.

4.     Plaintiff's action is barred by its breach of the covenant of good faith and fair dealing.

5.     Plaintiff's action seeks relief inconsistent with the terms of the modified agreement entered into by the parties in May and June 2010.

6.     Plaintiff's action is barred by promissory estoppel.

7.     Plaintiff's action is barred by accord and satisfaction.

8.     Plaintiff's action is barred, in whole or in part, by Plaintiff's failure to fully and fairly perform all necessary conditions under the agreement in issue.

9.     Plaintiff's harms, if any, were proximately caused by Plaintiff's own acts.

10.    Plaintiff's harms, if any, were caused by superseding events.

11.    Plaintiff's action is barred and estopped by the terms of orders entered by the United States Bankruptcy Court for the Eastern District of Washington in *In re AmericanWest Bancorporation*, Debtor, Case No. 10-06097-PCW11 and by Plaintiff's failure to object to the motions that led to those orders.

12.    Plaintiff's action is barred and estopped by its failure to file a claim in the AmericanWest Bancorporation bankruptcy.

13.    Plaintiff's action is barred by its willful violation of the stay imposed by Section 362(a) of the Bankruptcy Code.

ANSWER AND COUNTERCLAIMS OF DEFENDANT
AMERICANWEST BANK - 8
DWT 16597001v1 0093414-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

14.     Plaintiff's action is barred by virtue of the fact that Defendant is not in breach of any agreement with Plaintiff.

15.     Plaintiff's action is barred by principles of estoppel.

16.     Plaintiff's action is barred by principles of unjust enrichment.

17.     Plaintiff fraudulently induced Defendant and AmericanWest Bancorporation to enter into the February 2010 agreement with it by representing, among other things:

   a.     That it had a stable of investors ready, willing and able to provide the capital necessary to save the Bank within the time frame required;

   b.     That Cappello could identify all the investors necessary without any assistance from Sandler or the participation of any investors Sandler had identified;

   c.     That Cappello's stable of investors wanted Cappello to obtain a 10% interest in the Bank and were amenable to the fees that Cappello proposed to charge; and

   d.     That Cappello would identify lead investors by mid-March and all investors by mid-April, with execution of a definitive agreement in May, for a transaction closing in July.

## COUNTERCLAIMS

By way of further answer and counterclaim, Defendant states that its claims should be resolved through its adversary complaint filed in the AmericanWest Bancorporation Bankruptcy in the United States Bankruptcy Court for the Eastern District of Washington.  Nonetheless, Defendant further answers and sets forth its counterclaims as follows:

## FACTS

**A.     AWBC and the Bank Seek to Raise Capital.**

1.     At all times relevant to this matter, AWBC was a bank holding company, the primary asset of which was the stock of the Bank.  The Bank employs

ANSWER AND COUNTERCLAIMS OF DEFENDANT
AMERICANWEST BANK - 9
DWT 16597001v1 0093414-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

approximately 540 people in 58 branches and serves over 77,000 customers. Its customers are located primarily in Spokane, Yakima, Walla Walla and the Tri-Cities area in eastern Washington, as well as in northern Idaho and Utah. The Bank's services include providing agricultural loan products and commercial loan products to farmers and small businesses throughout its market area.

2. In the three years preceding the AWBC Bankruptcy, the Bank and AWBC fell victim to the financial crisis. The Bank incurred significant losses, resulting in depletion of its capital to the point that the FDIC and state regulators issued directives to raise additional capital, or face receivership and closure of the Bank by the FDIC.

3. Beginning in 2008, AWBC undertook extensive efforts to raise capital. In March of 2008, the Bank and AWBC engaged Sandler, a recognized investment banking firm with particular expertise with respect to financial institutions, to advise and assist in raising additional capital. AWBC, the Bank and Sandler investigated various strategies to accomplish the capital raise in difficult and changing capital markets, including investments at AWBC and at the Bank level.

4. AWBC's efforts were thwarted, in part because of the nature of its capital structure. AWBC had issued junior subordinated debentures to four statutory trusts, which in turn issued trust preferred securities, or TruPS, backed by AWBC's debentures. The TruPS, in turn, became part of complicated collateralized debt obligations, or CDOs, that were sold to numerous investors. Due to the structure of the TruPS and CDOs, as a practical matter, it was not possible for AWBC to conduct an out-of-court restructuring of its debentures and it was also impossible to complete an out-of-court direct investment in or sale of the Bank.

**B. AWBC and the Bank Enter Into an Agreement With Cappello, Which They Later Change.**

5. In February 2010, AWBC and the Bank executed an engagement letter with Cappello, pursuant to which Cappello was to assist the efforts of AWBC and the

ANSWER AND COUNTERCLAIMS OF DEFENDANT
AMERICANWEST BANK - 10
DWT 16597001v1 0093414-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  Bank to search for investors.  Cappello represented that it could engage investors

2  who did not typically invest in financial institutions in order to complete the

3  recapitalization.  Cappello claimed that it would not need the assistance of Sandler,

4  or the participation of any of the willing investors Sandler had identified in order to

5  consummate a recapitalization of AWBC.

6      6.    In the few months during which the February 2010 agreement was in

7  effect, Cappello did not identify any serious non-traditional (or traditional) investors

8  and made no significant contribution to the successful recapitalization of the Bank.

9      7.    In late May 2010, AWBC and the Bank informed Cappello that, in light

10  of Cappello's inability to bring any investors to the table, AWBC and the Bank

11  intended to terminate the agreement with Cappello.  Cappello's representative

12  pleaded with AWBC and the Bank to refrain from issuing a formal termination notice

13  so that Cappello could save face.  In exchange for Cappello's agreement to stand

14  down and to refrain from seeking the compensation provided for in the February

15  2010 agreement, AWBC and the Bank agreed.  AWBC and the Bank relied on this

16  agreement and Cappello's promise when they refrained from issuing a formal

17  termination notice.

18      8.    Cappello never raised any money for AWBC or the Bank.  The Section

19  363 Sale was consummated entirely without the participation of Cappello.

20  **C.    AWBC and SKBHC Enter Into the Asset Purchase Agreement.**

21      9.    In the spring of 2010, it became increasingly clear that no investors were

22  willing to invest, either in AWBC or at the Bank level, because of the economic

23  burden and the legal obstacles presented by AWBC's TruPS.  Therefore, AWBC

24  began to investigate the possibility of a sale of the Bank through a sale under Section

25  363 of the Bankruptcy Code as part of a bankruptcy of AWBC, followed by an

26  injection of capital by the new owners of the Bank to restore the Bank to required

27  levels of regulatory capital.  Sandler was instrumental in assisting AWBC and the

28  Bank in investigating, structuring and implementing the strategy, including attracting

ANSWER AND COUNTERCLAIMS OF DEFENDANT
AMERICANWEST BANK - 11
DWT 16597001v1 0093414-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1   likely investors in the traditional financial institution space.  Cappello did not assist

2   in the process.

3       10.    On October 27, 2010, AWBC entered into an Asset Purchase Agreement

4   ("**the APA**") with SKBHC and its parent, SKBHC Holdings LLC.  The APA is

5   variously called the Asset Purchase Agreement, the APA and the Prevailing APA.

6       11.    The APA provided, among other things, the following:

7           a.    In Recitals C and D, the parties expressed their intent that AWBC

8   would file a voluntary bankruptcy petition in the United States Bankruptcy Court for

9   the Eastern District of Washington and would seek approval from that court, through

10  a "Sale Order," entered pursuant to Sections 105, 363 and 365 or the Bankruptcy

11  Code, of the APA;

12          b.    In Section 2.1 of the APA, AWBC agreed to sell to SKBHC the

13  "Shares" free and clear of all "Encumbrances."  APA at 11.

14          c.    In Sections 2.2 and 2.3 of the APA, SKBHC agreed to purchase

15  the Shares, and to make the "Equity Contribution," which was defined as:

16      "Equity Contribution" means the equity contribution, to be made
        concurrently with the Closing, by the Purchaser to the Bank in an
17      amount necessary to obtain the Purchaser Required Approvals, which
        equity contribution shall in no event exceed Two Hundred Million
18      Dollars ($200,000,000).  For the avoidance of doubt, the Bank shall not
        issue any new shares of Common Stock to the Purchase in connection
19      with the Equity Contribution.

20  APA at 5.

21      12.    The fact that AWBC and SKBHC had entered into the APA was

22  publicly announced in the press.

23  **D.    AWBC Files the Bankruptcy Petition and the Sale Motion; Cappello
        Receives Notice and Does Not Object.**

24

25      13.    AWBC filed the AWBC Bankruptcy on October 28, 2010.

26      14.    Cappello received notice of the AWBC Bankruptcy.  It retained the

27  Southwell & O'Rourke law firm of Spokane, which entered an appearance in the

28  AWBC Bankruptcy on behalf of Cappello.  Pursuant to Section 362 of the

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

ANSWER AND COUNTERCLAIMS OF DEFENDANT
AMERICANWEST BANK - 12
DWT 16597001v1 0093414-000001

1  Bankruptcy Code, Cappello was and continues to be stayed from taking any action

2  against AWBC.

3      15.    On October 28, 2010, consistent with the APA, AWBC filed its Motion

4  for Orders Pursuant to 11 U.S.C. §§ 105(a), 363(b), and 365; Fed. R. Bankr. P. 2002,

5  6004, 6006, and 9014; and L.B.R. 6004-1 (I) Approving (A) Bidding Procedures and

6  (B) the Form and Manner of Notice of (i) the Sale of Certain Assets and (ii) the

7  Assumption and Assignment of Certain Executory Contracts, and Granting Related

8  Relief; (II) Authorizing and Approving (a) the Sale of Certain Assets and (B) the

9  Assumption and Assignment of Certain Executory Contracts; and (III) Waiving the

10  14-Day Stay of Fed. R. Bank. P. 6004(h) and 6006(d) ("**the Sale Motion**").

11      16.    In the Sale Motion, AWBC sought, among other things, (i) approval of

12  the form of the APA, (ii) approval of procedures to conduct the sale (in the event

13  other parties were interested in buying the Bank), and (iii) approval of notice

14  procedures to parties in interest.  In particular, AWBC stated in the Sale Motion:

15      By this Motion, AWBC seeks to obtain approval of the Sale of its most
        significant asset – 100% equity ownership in its bank subsidiary,
16      AmericanWest Bank.

17  Sale Motion at 2.  AWBC also made clear in the Sale Motion that as part of the

18  transaction SKBHC would make the Equity Contribution to enable the Bank to meet

19  its regulatory capital requirements.

20      17.    A complete copy of the Sale Motion (which included a copy of the

21  APA), was mailed to Cappello.  Cappello did not object to the Sale Motion.

22  **E.    The Bankruptcy Court Enters the Bid Procedures Order; Cappello
          Receives Notice and Does Not Object.**
23

24      18.    On November 3, 2010, the Bankruptcy Court entered an Order Pursuant

25  to 11 U.S.C. §§ 105(a), 363(b), and 365; Fed. R. Bankr. P. 2002, 6004, 6006, and

26  9014; and B.L.R. 6004-1 Approving (A) Bidding Procedures, (b) Bidding

27  Protections, and (c) the Form and Manner of Notice of (i) the Sale of Certain Assets

28  and (ii) the Assumption and Assignment of Certain Executory Contracts, and

ANSWER AND COUNTERCLAIMS OF DEFENDANT
AMERICANWEST BANK - 13
DWT 16597001v1 0093414-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Granting Related Relief ("**the Bid Procedures Order**").  The Bid Procedures Order

established certain procedures for other parties wishing to bid for AWBC's stock in

the Bank, and certain other assets.  The Bid Procedures Order required, among other

things, that AWBC provide notice of its entry, and certain of the procedures provided

for therein.  AWBC filed and served on all parties in interest a copy of the Bid

Procedures Order, which stated as follows:

> Pursuant to [the Bid Procedures Order] entered by the United States
> Bankruptcy Court for the Eastern District of Washington (the "Court")
> on November 3, 2010, AmericanWest Bancorporation ("AWBC")
> intends to sell its 100% equity ownership (the "Shares") in its non-
> debtor subsidiary, AmericanWest Bank (the "Bank"), and the Other
> Purchased Assets on the terms and conditions set forth in the APA.

Bid Procedures Order at 1.

19.     Paragraph 11 of the Bid Procedures Order provided in part:

> Except as otherwise provided in the APA or the purchase agreement(s)
> with the Successful Bidders(s), all of the right title and interest in and to
> the Shares and the Other Purchased Assets to be acquired will be sold
> free and clear of all liens, security interests, encumbrances, and interests
> thereon and there against (collectively, the "Encumbrances").   The
> Encumbrances will attach to the net proceeds of the sale of such Shares
> and the Other Purchased Assets . . . .

Bid Procedures Order at 6.

20.     Paragraph 16 of the Bid Procedures Order provided for the hearing on

approval of the Sale Motion on December 9, 2010.  Paragraph 17 of the Bid

Procedures Order further provided that:

> Objections to entry of an order approving the Sale and the related relief
> requested in the Sale Motion must be made in writing and must be filed
> with this Court and served upon the following parties so as to be
> received by no later than December 4, 2010 . . . The failure of any
> objecting party to timely file and serve its objection shall be a bar to the
> assertion by such party at the Sale Hearing or thereafter of any objection
> to the Sale Motion, the Sale, or AWBC's consummation and
> performance of the APA, including the transfer of the Shares free and
> clear of all Encumbrances and the other Purchased Assets free and clear
> of all Encumbrances (other than Permitted Liens).

Bid Procedures Order at 7-8.

21.     Cappello received a copy of the Bid Procedures Order.  Cappello filed

no objection to the Bid Procedures Order.

ANSWER AND COUNTERCLAIMS OF DEFENDANT
AMERICANWEST BANK - 14
DWT 16597001v1 0093414-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**F.    The Bankruptcy Court Enters the Sale Order; Cappello Receives Notice and Does Not Object or Appeal.**

22.    On December 9, 2010, the United States Bankruptcy Court for the Eastern District of Washington entered its order granting the Sale Motion and authorizing and approving the transaction outlined in the APA ("the Sale Order"). Among other things, the Sale Order made the following Findings:

Finding A:

> This Court has jurisdiction over the Sale Motion and the transactions contemplated by the Sale Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(N).

Finding C:

> [P]roper, timely, adequate, and sufficient notice of the Sale . . . has been provided in accordance with sections 102(1), 363, and 365 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 6006 and 9014, and Local Rule 6004-1 and that no other or further notice of the Sale . . . shall be required.

Finding D:

> A reasonable opportunity to object or be heard with respect to the Sale Motion and the relief requested in the Sale Motion has been afforded to all interested persons and entities . . . .

Finding G:

> The Shares and the Other Purchase Assets are property of AWBC's estate.

Finding K:

> The consideration provided by the Successful Bidder for the Shares and the Other Purchased Assets (i) is fair and reasonable [and] (iv) will provide a greater recovery for AWBC's creditors and other interested parties than would be provided by any other practically available alternative.

Finding L:

> The transfer of the Shares and the Other Purchased Assets to the Successful Bidder pursuant to the Sale and the Prevailing APA will be a legal, valid and effective transfer of the Shares and the Other Purchased Assets and will, upon the occurrence of the Closing, vest in the Successful Bidder all rights, title, and interest of AWBC in the Shares and the Other Purchased Assets, free and clear of any and all Encumbrances (other than Permitted Liens, with respect to the Other Purchased Assets). Except as specifically provided in the Prevailing APA or this

ANSWER AND COUNTERCLAIMS OF DEFENDANT
AMERICANWEST BANK - 15
DWT 16597001v1 0093414-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Sale Order, the Successful Bidder shall not assume or become liable for any interests in or relating to the Shares and the Other Purchased Assets being sold by AWBC.

Finding Q:

The terms and conditions of the Sale and the Prevailing APA, including the total consideration to be realized by AWBC pursuant to the Prevailing APA, are fair and reasonable, and the transactions contemplated by the Prevailing APA are in the best interests of AWBC, its creditors, and its estate.

23.    41.    Pursuant to those Findings, the Sale Order "ORDERED, ADJUDGED, AND AGREED, EFFECTIVE IMMEDIATELY," among other things (in the paragraphs indicated), that:

Paragraph 1:

The Sale Motion is granted.

Paragraph 2:

The Prevailing APA substantially in the form attached to the Sale Motion (including all exhibits, schedules and annexes thereto), and all of the terms and conditions thereof, are hereby approved. Pursuant to Section 363(b) of the Bankruptcy Code, AWBC is authorized to consummate the Sale pursuant to and in accordance with the terms and conditions of the Prevailing APA, without any further corporate authorization.

Paragraph 5:

Pursuant to Bankruptcy Code Sections 105 and 363, title to the Shares and the Other Purchased Assets shall pass to the Successful Bidder at closing, free and clear of all Encumbrances (other than Permitted Liens, with respect to the Other Produced Assets), with all encumbrances to be unconditionally released, discharged, and terminated as to the Shares and the Other Purchased Assets.

Paragraph 6:

Except as expressly permitted or otherwise specifically provided for in the Prevailing APA or this Sale Order, effective upon the consummation of the Closing (i) all persons and entities, including, but not limited to, all debt security holders, equity security holders, Bank officers and directors, Bank employees, governmental, tax and other regulatory authorities, lenders, trade and other creditors holding Encumbrances of any kind or nature whatsoever against or in AWBC or the Shares and the Other Purchased Assets (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, liquidated or unliquidated, senior or subordinated), arising under or out of, in connection with, or in any way

ANSWER AND COUNTERCLAIMS OF DEFENDANT
AMERICANWEST BANK - 16
DWT 16597001v1 0093414-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

relating to, AWBC, the Shares and the Other Purchased Assets, the Sale, or the transfer of the Shares and the Other Purchased Assets to the Successful Bidder, hereby are forever barred and estopped from asserting against the Successful Bidder, its successors or assigns (to the extent allowed by law), its property, its officers, directors and shareholders or the Shares and the Other Purchased Assets any actions, including but not limited to, such persons' or entities' Encumbrances; and (ii) all such Encumbrances shall be unconditionally released and terminated as to the Shares and Other Purchased Assets. All such Encumbrances released, terminated and discharged as to the Shares and Other Purchased Assets shall attach to the Sale proceeds with the same validity, force and effect which they now have as against AWBC, the estate, or the Shares and Other Purchased Assets. The sole and exclusive right and remedy available to holders of any Encumbrances shall be a right to assert the Encumbrance against AWBC's estate.

Paragraph 7:

The transfer of the Shares and the Other Purchased Assets to the Successful Bidder pursuant to, and subject to the terms of, the Prevailing APA shall constitute a legal, valid, and effective transfer of the Shares and the Other Purchased Assets, and shall, upon the consummation of the Closing, vest in the Successful Bidder all right, title, and interest of AWBC in and to the Shares and the Other Purchased Assets, free and clear of all Encumbrances (other than Permitted Liens, with respect to the Other Purchased Assets).

Paragraph 18:

Except as expressly permitted or otherwise specifically provided for in the Prevailing APA or this Sale order, the Successful Bidder shall have no liability or responsibility for any liability or other obligation of, or claim against, AWBC arising under or related to the Shares and the Other Purchased Assets and, to the extent allowed by law, the Successful Bidder (and its officers, managers, and members) shall not be liable for any other claims against AWBC or any of their predecessors or affiliates, whether known or unknown as of the Closing Date, now existing or hereafter arising, whether fixed or contingent, with respect to AWBC or any obligations of AWBC arising prior to the Closing Date.

Paragraph 19:

This Court retains and shall have exclusive jurisdiction to endorse and implement the terms and provisions of the Prevailing APA, any amendments thereto, any waivers and consents thereunder, and each of the agreements executed in connection therewith in all respects, including, but not limited to, retaining jurisdiction to (a) compel delivery of the Shares and the Other Purchased Assets to the Successful Bidder; (b) compel delivery of the Cash Purchase Price or performance of other obligations owed to AWBC; (c) compel the

ANSWER AND COUNTERCLAIMS OF DEFENDANT
AMERICANWEST BANK - 17
DWT 16597001v1 0093414-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

recapitalization of the Bank in accordance with the terms of the Prevailing APA; (d) resolve any disputes arising under or related to the Prevailing APA; and (e) interpret, implement, and enforce the provisions of the Prevailing APA and this Sale Order.

Paragraph 25:

All of AWBC's interests in the Shares and the Other Purchased Assets to be acquired by the Successful Bidder under the Prevailing APA shall be, as of the Closing Date and upon occurrence of the Closing, transferred to and vested in the Successful Bidder.

24. Cappello received notice of the Sale Order. It did not object, file a motion to reconsider, or appeal.

## G. The Section 363 Sale Is Consummated.

25. On December 20, 2010, the Section 363 Sale contemplated by the APA, the Sale Motion and the Sale Order was closed. Pursuant to the terms of the Sale Order and the APA, SKBHC (a) paid AWBC $6.5 million; (b) received ownership of all of the stock of the Bank; and (c) as the new sole shareholder of the Bank, contributed $185 million of capital to the Bank. SKBHC was subsequently merged into Starbuck Bancshares, Inc. ("**Starbuck**"), which now owns the stock of the Bank.

## H. The Bankruptcy Court Enters the Sandler Order; Cappello Receives Notice and Does Not Object.

26. In order for a professional person to be compensated by a debtor in Chapter 11, the employment of such person must be approved by the bankruptcy court. On October 29, 2010, AWBC filed an application with the Bankruptcy Court to approve the appointment of Sandler as financial advisor to AWBC pursuant to Section 327 of the Bankruptcy Code. The Bankruptcy Court entered an order approving Sandler's employment on November 2, 2010.

27. On November 2, 2010, the Bankruptcy Court entered its Order Approving Employment under 11 U.S.C. § 327(e) by Debtor-in-Possession ("**the Sandler Order**"), providing:

That the employment of Sandler O'Neill & Partners, L.P. as § 327(e) Financial Advisor for debtor-in-possession is approved subject to the terms and conditions set forth in the application and 11 U.S.C. § 328

ANSWER AND COUNTERCLAIMS OF DEFENDANT
AMERICANWEST BANK - 18
DWT 16597001v1 0093414-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

11-80323-FPC   Doc 14   Filed 08/23/11   Entered 08/23/11 11:25:33   Pg 18 of 27

28.     Pursuant to the terms of the application, which incorporates the engagement letter between Sandler and AWBC, Sandler has a claim for indemnification against AWBC for any amounts paid in connection with Cappello's lawsuit. Sandler will contend that such a claim is entitled to priority as an expense of administration under Section 503 of the Bankruptcy Code.

29.     Pursuant to the terms of the application, which incorporates the engagement letter between Sandler and AWBC, Sandler received compensation from AWBC in connection with the Sale.

30.     Cappello received notice of the application to approve the appointment of Sandler. Cappello did not object to the application.

31.     Cappello did not seek approval to be employed as financial advisor to AWBC in the AWBC Bankruptcy.

**I.     The Bankruptcy Court Sets a Claims Bar Date; Cappello Does Not File a Claim.**

32.     On December 30, 2010, the Bankruptcy Court entered its Order Establishing Claims Bar Date, establishing January 31, 2011 as the deadline for non-governmental entities to file claims in the AWBC Bankruptcy.

33.     Cappello received notice of the order establishing the claims bar date. It did not file a claim in the AWBC Bankruptcy.

**J.     Cappello Files its Complaint in Los Angeles Superior Court.**

34.     Cappello's complaint now seeks to interfere, in at least the following respects, with the terms of the Bid Procedures Order, with the terms of the Sale Order, with the terms of the APA, with the Sale, and with the terms of the Sandler Order:

a.     Cappello demands that, instead of SKBHC (now Starbuck) obtaining a 100% ownership share of the Bank, Cappello receive warrants entitling it to purchase up to 10% of the ownership of the Bank;

ANSWER AND COUNTERCLAIMS OF DEFENDANT
AMERICANWEST BANK - 19
DWT 16597001v1 0093414-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

b.     Cappello demands that $292,500 of the $6.5 million to be paid by SKBHC to AWBC for the shares of the Bank be paid to Cappello instead;

c.     Cappello demands that $11.1 million of the $185 million capital contribution made by SKBHC to the Bank be paid to Cappello instead;

d.     Cappello demands that compensation that the Bankruptcy Court authorized to be paid to Sandler be paid to Cappello instead; and

e.     Cappello demands that a constructive trust be imposed over certain assets of the bankruptcy estate of AWBC.

35.     The filing by Cappello of its complaint in Los Angeles Superior Court is in direct violation of the Sale Order.

36.     Pursuant to the Sale Order, the Bankruptcy Court retained exclusive jurisdiction over the types of claims now being asserted by Cappello.

## COUNT ONE
### Cappello Breached its Agreements with AWBC and the Bank

37.     Defendant repeats, realleges, and incorporates by reference each allegation set forth in the preceding paragraphs, as though fully set forth herein.

38.     Cappello breached its February 2010 agreement with AWBC and the Bank by failing to perform its duties under the agreement.

39.     Cappello breached its June 2010 agreement with AWBC and the Bank by filing its lawsuit seeking additional compensation, notwithstanding its agreement to forgo such compensation.

## COUNT TWO
### Cappello Breached the Covenant of Good Faith and Fair Dealing

40.     Defendant repeats, realleges, and incorporates by reference each allegation set forth in the preceding paragraphs, as though fully set forth herein.

41.     Cappello breached the covenant of good faith and fair dealing with AWBC and the Bank by failing to perform its duties under the agreement.

ANSWER AND COUNTERCLAIMS OF DEFENDANT
AMERICANWEST BANK - 20
DWT 16597001v1 0093414-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

42.    Cappello breached the covenant of good faith and fair dealing with AWBC and the Bank by filing its lawsuit seeking additional compensation, notwithstanding its agreement to forgo such compensation.

## COUNT THREE
### Promissory Estoppel Bars Cappello From Seeking Additional Compensation

43.    Defendant repeats, realleges, and incorporates by reference each allegation set forth in the preceding paragraphs, as though fully set forth herein.

44.    Cappello promised that it would refrain from seeking the compensation it now seeks in its lawsuit during the negotiations between Cappello, AWBC and the Bank in May and June of 2010.

45.    Cappello reasonably should have expected AWBC and the Bank to have relied on Cappello's promise. AWBC and the Bank did in fact rely, including, inter alia, by refraining from issuing a formal termination notice, pursuant to Cappello's request that they so refrain.

46.    AWBC and the Bank would be harmed if Cappello is not bound by its promise.

## COUNT FOUR
### Cappello Is Barred From Seeking Relief Inconsistent With the Sale Order, the Sandler Order, and the Claims Bar Order by Virtue of Its Failure to Object and Failure to File a Claim

47.    Defendant repeats, realleges, and incorporates by reference each allegation set forth in the preceding paragraphs, as though fully set forth herein.

48.    Cappello received notice of the AWBC Bankruptcy, the Bid Procedures Order, the Sale Order, the Sandler Order, the Claims Bar Order, and the motions leading to those orders. Cappello did not object to any of those motions and orders, did not appeal from any of those orders, and did not file a claim.

49.    Cappello is now barred from objecting to those motions and orders, from seeking relief that is inconsistent with those motions and orders, and from seeking relief from the Bank after having failed to file a claim against AWBC, the Bank's alleged joint obligor.

ANSWER AND COUNTERCLAIMS OF DEFENDANT
AMERICANWEST BANK - 21
DWT 16597001v1 0093414-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## COUNT FIVE
### Cappello Has Willfully Violated the Bankruptcy Stay

50.     Defendant repeats, realleges, and incorporates by reference each allegation set forth in the preceding paragraphs, above, as though fully set forth herein.

51.     Section 362(a) of the Bankruptcy Code imposes an automatic stay of actions that, among other things, seek to pursue claims against the debtor, or obtain possession of property of the estate, or impose liens upon property of the estate.

52.     Cappello filed its February 2, 2011 complaint with knowledge of the AWBC Bankruptcy and in violation of the automatic stay of Section 362.

## COUNT SIX
### AWBC and the Bank Are Not in Breach of Any Agreement With Cappello

53.     Defendant repeats, realleges, and incorporates by reference each allegation set forth in the preceding paragraphs, above, as though fully set forth herein.

54.     AWBC and the Bank are not in breach of any agreement with Cappello on multiple grounds, including but not limited to the following:

      a.     Cappello did not perform under the February 2010 agreement;

      b.     The Section 363 Sale was not a "Transaction," as defined in the February 2010 agreement;

      c.     The Section 363 Sale was not with a "Covered Party," as defined in the February 2010 agreement;

      d.     The Section 363 Sale was not pursuant to activities that AWBC, the Bank and Cappello agreed to pursue, as referenced in the February 2010 Agreement; and

      e.     Cappello agreed, in June 2010, to refrain from seeking the compensation provided in the February 2010 agreement.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

ANSWER AND COUNTERCLAIMS OF DEFENDANT
AMERICANWEST BANK - 22
DWT 16597001v1 0093414-000001

## COUNT SEVEN
### Cappello Would Be Unjustly Enriched if It Were to Receive Additional Compensation

55.    Defendant repeats, realleges, and incorporates by reference each allegation set forth in the preceding paragraphs, as though fully set forth herein.

56.    Cappello has previously been paid $275,000 in connection with the February 2010 agreement with AWBC and the Bank.

57.    Cappello provided no significant services pursuant to the agreement with AWBC and the Bank.

58.    Cappello would be unjustly enriched if it were permitted to retain the $275,000 previously paid to it or if it were permitted to obtain additional compensation.

## COUNT EIGHT
### Cappello Fraudulently Induced AWBC and the Bank to Enter Into the Agreement

59.    Defendant repeats, realleges, and incorporates by reference each allegation set forth in the preceding paragraphs, as though fully set forth herein.

60.    Cappello induced AWBC and the Bank to enter into the February 2010 agreement with it by representing, among other things:

    a.    That it had a stable of investors ready, willing and able to provide the capital necessary to save the Bank within the time frame required;

    b.    That Cappello could identify all the investors necessary without any assistance from Sandler or the participation of any investors Sandler had identified;

    c.    That Cappello's stable of investors wanted Cappello to obtain a 10% interest in the Bank and were amenable to the fees that Cappello proposed to charge; and

    d.    That Cappello would identify lead investors by mid-March and all investors by mid-April, with execution of a definitive agreement in May, for a transaction closing in July.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

ANSWER AND COUNTERCLAIMS OF DEFENDANT
AMERICANWEST BANK - 23
DWT 16597001v1 0093414-000001

# PRAYER FOR RELIEF

For the foregoing reasons, Defendant prays for judgment as follows:

1.    That the Court declare that:

    a.    Cappello is in breach of its agreements with AWBC and the Bank;

    b.    Cappello is estopped from seeking further compensation and from seeking the relief set forth in its complaint;

    c.    Cappello is barred from seeking relief that is inconsistent with the Sale Order, the Sandler Order and the Claims Bar Order by virtue of its failure to object to the motions leading to those orders and its failure to file a claim;

    d.    AWBC and the Bank are not in breach of any agreement with Cappello;

    e.    Cappello would be unjustly enriched if it were permitted to retain the $275,000 previously paid to it or to obtain additional compensation; and

    f.    Cappello fraudulently induced AWBC and the Bank to enter into the February 2010 agreement.

2.    That Cappello be enjoined from proceeding with, and recover nothing on, its claims;

3.    That the Bank recover the $275,000 previously paid to Cappello;

4.    That the Bank recover exemplary damages in connection with Counts Five and Eight;

5.    That the Bank recover its reasonable attorneys' fees and costs; and

**DAVIS WRIGHT TREMAINE LLP**
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

ANSWER AND COUNTERCLAIMS OF DEFENDANT
AMERICANWEST BANK - 24
DWT 16597001v1 0093414-000001

6.     For such other and further relief as the Court deems just and proper.

Dated:  March 14, 2011

DAVIS WRIGHT TREMAINE LLP
MARY H. HAAS
CRAIG MILLER

By: _Mary H. Haas (SW)_
        Mary H. Haas

Attorneys for Defendant
AMERICANWEST BANK

ANSWER AND COUNTERCLAIMS OF DEFENDANT
AMERICANWEST BANK - 25
DWT 16597001v1 0093414-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## PROOF OF SERVICE BY HAND DELIVERY
### (Secretary)

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Davis Wright Tremaine LLP, Suite 2400, 865 South Figueroa Street, Los Angeles, California 90017-2566.\

On March 14, 2011 I caused the following documents described as:

**ANSWER AND COUNTERCLAIMS OF DEFENDANT AMERICANWEST BANK**

to be served on all other parties to this action by requesting that a messenger from **FIRST LEGAL NETWORK** deliver true copies of the above-named documents, enclosed in sealed envelopes addressed as follows:

**Counsel for Plaintiff**
Jeffrey B. Valle, Esq.
David S. Shukan, Esq.
Valle Makoff LLP
11911 San Vincente Boulevard, Suite 324
Los Angeles, CA 90049

Executed on March 14, 2011 at Los Angeles, California.

| | | |
|---|---|---|
| ☒ | State | I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct. |
| ☐ | Federal | I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made. |

**MELISSA A. STROBEL**
Print Name

Signature

ANSWER AND COUNTERCLAIMS OF DEFENDANT
AMERICANWEST BANK - 26
DWT 16597001v1 0093414-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## PROOF OF SERVICE BY MAIL

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Davis Wright Tremaine LLP, Suite 2400, 865 South Figueroa Street, Los Angeles, California 90017-2566.

On March 14, 2011, I served the foregoing document(s) described as:

by placing a **true copy** of said document(s) enclosed in a sealed envelope(s) for each addressee named below, with the name and address of the person served shown on the envelope as follows:

**Counsel for Sandler, O'Neal & Parners**
Donald Joseph Kula, Esq.
Perkins Coie LLP
1888 Century Park E, Suite 1700
Los Angeles, CA 90067-1721

I placed such envelope(s) with postage thereon fully prepaid for deposit in the United States Mail in accordance with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service. I am familiar with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service, which practice is that when correspondence is deposited with the Davis Wright Tremaine LLP, personnel responsible for delivering correspondence to the United States Postal Service, such correspondence is delivered to the United States Postal Service that same day in the ordinary course of business.

Executed on March 14, 2011, at Los Angeles, California.

☐ State    I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

☒ Federal    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

_____        _____
MELISSA A. STROBEL                        Signature
Print Name

ANSWER AND COUNTERCLAIMS OF DEFENDANT
AMERICANWEST BANK - 27
DWT 16597001v1 0093414-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899