UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br>AMERICANWEST BANCORPORATION,<br>          Debtor. | No. 10-06097-PCW11 |
| CAPPELLO CAPITAL CORP.,<br>          Plaintiff,<br>vs.<br>AMERICANWEST BANK, AND<br>SANDLER O'NEILL & PARTNERS, L.P.;<br>and DOES 1-10, inclusive,<br>          Defendants. | Adv. No. 11-80323-PCW<br><br>MEMORANDUM DECISION RE:<br>PLAINTIFF'S MOTION FOR REMAND |
| AND RELATED COUNTERCLAIM | |

## BACKGROUND

At its most basic, this controversy results from an agreement among Cappello Capital Corporation[1] (referred to as "Cappello") and AmericanWest Bancorporation (referred to in other pleadings as "AWBC" and in this decision as Debtor-in-Possession ("DIP")) and AmericanWest Bank

---

[1] The parties in this proceeding have spelled "Cappello" in various ways, however, the Court will use the spelling in this decision that appears in the caption of the original Complaint filed in the Superior Court of Los Angeles County.

MEMORANDUM DECISION RE: . . . - 1

(referred to as "Bank") whereby Cappello would act as financial advisor to the other entities. The DIP and Bank ultimately terminated the agreement and entered into a new contract to use the services of Sandler O'Neill & Partners, L.P. (referred to as "Sandler") as a financial advisor. The DIP was the holding company for Bank and the DIP's only significant asset was the shares of stock of Bank. A chapter 11 reorganization was filed by the DIP as the FDIC was threatening to "take over" Bank under the FDIC's regulatory powers. The DIP had negotiated a sale prior to filing bankruptcy whereby all shares of Bank would be sold in exchange for the purchaser recapitalizing Bank to an amount required by FDIC and paying cash to the DIP. The bankruptcy proceeding was filed to accomplish a sale under 11 U.S.C. § 363. In the bankruptcy proceeding, Sandler was appointed by the Court as financial advisor to the DIP and, with court approval, paid for its services. On February 2, 2011, Cappello sued Bank and Sandler alleging that the agreement between it and the DIP and Bank had been breached, that Sandler interfered with that contract, and that Cappello, as damages, should receive shares of stock or money damages from Bank and/or Sandler. Cappello, in its action in Los Angeles Superior Court, to which the DIP is not a party, seeks (1) actual and compensatory damages in the amount of $11,392,500.00; (2) warrants under the Engagement Letter; (3) exemplary damages; (4) disgorgement of fees from Sandler; (5) imposition of a constructive trust over the $11 million of proceeds received by the Bank and any warrants received by Sandler; and (6) attorneys fees and costs. The DIP has never been a party to the suit which is referred to as "this adversary."

## PROCEDURAL HISTORY

Defendant Bank removed the California Superior Court action to the U.S. District Court of Central District of California and requested a transfer of the action to this bankruptcy court. Cappello filed a motion to remand on the basis that this bankruptcy court had neither "core" nor "related to" jurisdiction. As an alternative, plaintiff Cappello requested that if the U.S. District Court for the Central District of California determined that "related to" jurisdiction existed, that the case be remanded to state court under principles of equitable remand provided in 28 U.S.C. § 1452(b). On July 25, 2011, the U.S. District Court for the Central District of California rendered its Order Granting Defendants' Motion to Transfer (referred to as "California District Court decision"). That decision held that "related to" jurisdiction existed and transferred the case to the U.S. District Court for the Eastern District of

Washington, which in turn transferred the case to this Court. Both the California District Court decision and the transfer by the U.S. District Court for Eastern Washington expressly reserved to this Court the determination whether this adversary proceeding should be remanded to the California state court under principles of equitable remand as provided in 28 U.S.C. § 1452(b).

## ISSUE

Should this adversary be equitably remanded to the California state court pursuant to 28 U.S.C. § 1452(b)?

## ANALYSIS

28 U.S.C. § 1452(b) grants bankruptcy courts broad authority to determine whether remand is appropriate. Such determinations are within the discretion of the bankruptcy court. See Public Employees' Retirement System of Mississippi v. Stanley, 605 F.Supp.2d 1073 (C.D. Cal. 2009).

Courts in the Ninth Circuit typically consider numerous factors in determining whether or not to remand pursuant to 28 U.S.C. § 1452(b). See Stichting Pensioenfonds ABP v. Countrywide Financial Corp., 447 B.R. 302 (C.D. Cal. 2010); In re Roman Catholic Bishop of San Diego, 374 B.R. 756 (Bankr. S.D. Cal. 2007); In re Enron Corp., 296 B.R. 505 (C.D. Cal. 2003). Typically 14 factors are considered in determining whether equitable remand is appropriate.[2] The facts relevant in this adversary to the determination of equitable remand are set forth in the California District Court decision establishing "related to" jurisdiction. Those facts and some of that court's analysis pertaining to the jurisdictional issues are relevant to this Court's independent determination of remand, but in this decision, will be referenced in a cursory manner only. The Ninth Circuit adopted the Pacor test in In re Fietz, 852 F.2d 455 (9th Cir. 1988).

**Factor No. 1 - Effect or lack thereof on the efficient administration of the bankruptcy case and estate.**

The reorganization process for the DIP is nearly complete. Balloting has occurred regarding the chapter 11 plan of the DIP with the confirmation hearing set in January, 2012. The only significant asset of that estate is approximately $5 million in cash. The plan will establish how that sum will be

---

[2] In Federal Home Loan Bank of Seattle v. Deutsche Bank Securities, Inc., 736 F. Supp.2d 1283 (W.D. Wash. 2010) reduced those 14 factors to seven factors which are substantially similar.

MEMORANDUM DECISION RE: . . . - 3

distributed to creditors. It is unknown whether confirmation will occur, but resolution of this adversary action may not effect confirmation of that plan in any significant manner. The existence of this adversary will most likely delay distribution under any confirmed plan.

Sandler has filed an administrative claim based upon the written agreement between Sandler and the DIP and Bank, which agreement contains an indemnity clause. Sandler seeks indemnity for any damages awarded to Cappello and for the cost of defending this adversary proceeding. The DIP disputes that claim. The DIP's liability for the unliquidated administrative expense claimed by Sandler is dependent upon many factors, such as whether Cappello recovers damages, whether the agreement excludes indemnity if the basis of Cappello's recovery is an intentional excluded act, whether Bank would fully indemnify Sandler so no recourse to the DIP is necessary, etc.

In the Complaint, Cappello seeks damages from Sandler greater than the amount of cash held by the DIP for the benefit of its creditors. Thus, no distribution to any creditor under any confirmed reorganization plan could occur until the Sandler administrative claim is finally determined. This could cause significant delay in implementing any confirmed plan and closing the underlying bankruptcy proceeding. As concluded in the California District Court decision at page 15, ". . . the outcome of this case could have a direct effect on the administration of the AWBC bankruptcy estate . . . ."

This factor weighs against remand.

**Factor No. 2 - Extent to which state law issues predominate over bankruptcy issues.**

The Complaint by Cappello makes all allegations against "American West," which is defined as both the DIP and Bank. The causes of action, however, are only brought against Sandler and Bank. Bank has alleged both affirmative defenses and counterclaims. Those counterclaims are all state law causes of action, except the counterclaim that by bringing the action, Cappello violated the automatic bankruptcy stay. As this adversary involves only state law issues (with that one exception), this factor would ordinarily weigh heavily in favor of remand and in many cases would result in remand without further discussion.

The difficulty of applying this factor in the instant adversary is that the remedies sought by Cappello necessarily require the deciding court to interpret and determine the effect of various bankruptcy court orders and procedures. For example, Cappello seeks as a remedy a warrant for shares

MEMORANDUM DECISION RE: . . . - 4

of stock in Bank. The DIP sold one hundred percent (100%) of the stock in the bankruptcy process. That process, as well as the terms of the bankruptcy court order approving the sale, directly impact the analysis of whether Cappello is entitled to the remedy it requests under state law. For example, the Asset Purchase Agreement between the DIP and the purchaser, which led to the bankruptcy court order approving the sale of the shares of stock states ". . . neither the Bank nor [DIP] has any obligation to issue any equity or warrants of the Bank" pursuant to the "agreement between DIP and Bank and Cappello."

The Complaint at paragraph 88 alleges that "AmericanWest," i.e., the DIP and Bank, "diverted the fee" owed to Cappello to Sandler and that Cappello, rather than Sandler, had the contractual authority to act as the DIP's financial advisor. The fact that this bankruptcy court approved the employment of Sandler as financial advisor to the DIP and determined that Sandler had provided necessary services to the DIP and required payment by the estate in an amount certain for those services is obviously relevant to the consideration of Cappello's state law claims. The process and requirements of obtaining such bankruptcy court orders and Cappello's ability to object to the applications to employ Sandler will require consideration of bankruptcy law and procedures. Analysis of the effect of bankruptcy law and procedures should occur in federal courts, not state courts which generally are unfamiliar with such matters.

Due to the unusual circumstances of this adversary, this factor weighs against remand.

**Factor No. 3 - Difficult or unsettled nature of applicable law.**

The state law claims are not unusual and are well settled. They are the type of issues commonly alleged in commercial litigation and could be resolved by either state or federal court by reference to well settled state law.

The effect of the bankruptcy proceeding upon the state law claims is somewhat unusual and will require reference to bankruptcy law and procedures. Until those issues are further defined, it is premature to determine if they would be unique.

This factor is neutral.

**Fact No. 4 - Existence of related proceedings commenced in state court.**

There are no related proceedings in the state court. However, on March 14, 2011, Bank, Sandler

MEMORANDUM DECISION RE: . . . - 5

and Starbuck Bancshares, Inc. (referred to as "Purchaser"), the successor-in-interest to the purchaser of the shares of stock at the bankruptcy court approved sale, commenced adversary proceeding No. 11-80039-PCW (new adversary) in this Court. That new adversary against Cappello essentially alleges that Cappello breached the agreement between it and the DIP and Bank. The affirmative defenses and counterclaims in this adversary essentially become state law claims against Cappello in the new adversary. It was filed shortly after Bank and Sandler removed the action from the state court to the U.S. District Court in the Central District of California and sought transfer of it to this Court. This new adversary certainly appears to be a tactical maneuver to provide an independent basis for jurisdiction of this Court over the underlying controversy and to provide additional justification for this Court to refuse to equitably remand this adversary. The only significant difference in the two adversaries is that Purchaser is a party to the new adversary.

Tactical maneuver or not, the new adversary is pending and must be resolved. As discussed at pages 18 and 19 of the California District Court decision, during the sale process it was represented that Purchaser would receive one hundred percent (100%) of the shares of stock. Cappello seeks either shares of stock or damages theoretically to be paid from the portion of the purchase price used to recapitalize Bank and prevent FDIC takeover. As stated by the California District Court decision, payment of the Cappello claim, whether in shares or money ". . . would have the effect of undermining a key goal of the reorganization proceeding: that goal was the sale of the Bank in order to prevent an FDIC takeover." The alternative remedies of money or stock sought by Cappello would most likely have an impact upon Purchaser. For that reason, despite the appearance that the new adversary was commenced merely as a tactical maneuver, its existence weighs against remand.

**Factor No. 5 - Jurisdictional basis.**

The California District Court decision determined that "related to" jurisdiction exists. The existence of state law counterclaims by Bank raises issues under the recent decision <u>Stern v. Marshall</u>, ____ U.S. ____, 131 S.Ct. 2594, 180 L.Ed.2d 475 (2011). That decision will require the final judgment in this adversary, if not to all issues, at least as to some issues, to be made by the U.S. District Court of the Eastern District of Washington. Remand is not advisable as jurisdiction over controversies which require application of bankruptcy law and procedures rests primarily in the federal courts. Because of

the state law issues in this adversary and the new adversary, this Court will recommend withdrawal of reference by the District Court. It is the District Court which has the authority to determine if withdrawal of reference, either in whole or in part, should occur. The District Court may determine it should manage this adversary and the new adversary or determine that this Court should preside over both or either until trial is conducted by the District Court. Assuming application of Stern v. Marshall, supra, it is the District Court which must enter final judgment.

**Factor No. 6 - Degree of relatedness or remoteness of proceeding to underlying bankruptcy case.**

The DIP is not a party to this adversary proceeding. No cause of action is asserted against the debtor and ordinarily that would weigh heavily in favor of remand. As analyzed by the California District Court decision in determining to transfer the case, this bankruptcy court retained jurisdiction to resolve any dispute related to the Asset Purchase Agreement and sale. It is the function of the federal courts to interpret, implement and enforce bankruptcy court orders, including the employment of professionals such as financial advisors and the payment of fees of such professionals. Again, analysis of bankruptcy law and procedures is better performed by federal courts than state courts. Ultimately, this Court has the responsibility to determine the merits of Sandler's administrative expense claim against the DIP.

As addressed above, distribution to creditors under a confirmed plan will be delayed due to the request for an administrative expense to Sandler resulting from this adversary. The events and actions in the Chapter 11 proceeding are intertwined with the issues in this adversary.

This factor weighs against remand.

**Factor No. 7 - The substance rather than the form of an asserted core proceeding.**

Cappello's claim "arises in" the bankruptcy. This action is therefore not a core proceeding and this factor is inapplicable.

**Factor No. 8 - Feasibility of severing state law claims from bankruptcy issues.**

Cappello's claims are intertwined with the bankruptcy proceeding. Cappello arguably seeks to alter the effect of prior bankruptcy court orders. It is simply not possible in this situation to determine the merits of the state law claims without addressing the effect of bankruptcy law and procedures and

MEMORANDUM DECISION RE: . . . - 7

bankruptcy court orders. This factor weighs against remand.

**Factor No. 9 - Burden on bankruptcy court docket.**

The District Court may preside over this adversary proceeding and the new adversary proceeding. It could direct this Court to preside over this adversary proceeding and the new adversary proceeding until the time of trial. The District Court may consider the burden on the docket in making that decision. Neither result would burden this Court's docket. It is not known whether this case would be a burden on the state court in California, although it is common knowledge that the state courts are experiencing budget problems.

This factor appears neutral.

**Factor No. 10 - Whether the commencement of the action involves forum shopping.**

As stated above, the commencement of the new adversary appears to be simply a tactical maneuver to improve the likelihood of this Court retaining jurisdiction of this adversary. Although that troubles this Court, the commencement of this adversary does not appear to involve forum shopping. Cappello could have chosen to have this controversy resolved by this Court as the reorganization process and bankruptcy law provides for various procedures to address the controversy. It chose not to do so, but it was not improper to choose state court for its forum.

This factor is neutral.

**Factor No. 11 - The existence of a right to a jury trial.**

There is a jury demand in this adversary and that demand alone may justify remanding to the state court. Certain Underwriters at Lloyd's, London v. ABB Lummus Global, Inc., 2004 WL 224505 (S.D.N.Y. 2004). In this case however, this factor appears to be irrelevant as it is highly likely that pursuant to Stern v. Marshall, supra, the trial would be conducted by the U.S. District Court for the Eastern District of Washington.

This factor is therefore neutral in this adversary.

**Factor No. 12 - The presence of non-debtor parties.**

As stated above, the DIP is not a party to this adversary. This factor weighs in favor of remand.

**Factor No. 13 - Comity.**

Discovery is occurring and this Court has ruled regarding a discovery dispute. A motion for

MEMORANDUM DECISION RE: . . . - 8

sanctions and contempt relating to that discovery dispute is pending. There is no indication that the state court invested significant effort in this controversy prior to its removal to the federal District Court of California. Nor is there any indication that the state court had conducted hearings or entered orders prior to the removal.

This factor is neutral.

**Factor No. 14 - Possibility of prejudice to other parties in the action.**

Cappello appeared in the bankruptcy proceeding and, through counsel, was represented at certain hearings. There is no indication that Cappello would suffer any prejudice or even any inconvenience should this adversary proceed in the District Court or in this Court with trial and final judgment being entered in the District Court.

This factor is neutral.

## CONCLUSION

Proceedings between third parties which have an effect on the bankruptcy estate provide "related to" jurisdiction for the bankruptcy court. This Court concludes that remand under 28 U.S.C. § 1452(b) is not appropriate and that a federal court should retain jurisdiction of this case for the following reasons:

1) Cappello's claims that it is entitled to warrants for shares of stock. This claim interferes with this Court's Sale Order because the Order directed that one hundred percent (100%) of the stock of the Bank be sold to Purchaser. An issue exists whether Cappello's requested relief is foreclosed pursuant to the Asset Purchase Agreement and the Sale Order. To the extent that Cappello seeks to challenge that Sale Order, that issue should be decided by a federal court.

2) Sandler seeks an administrative claim for indemnity from the DIP. Should the DIP be found liable to Sandler on that claim, this would significantly impact the administration of this bankruptcy proceeding. That claim may not delay or impact the plan confirmation process, but will result in a delay of the distribution of funds to creditors under any confirmed plan..

3) Cappello seeks to recover, from Sandler, the fees the DIP paid to Sandler, which fees have been approved by this Court. Such requested relief raises issues as to the effect of this Court's Order. A federal court should determine this issue.

MEMORANDUM DECISION RE: . . . - 9

1       This Court finds that the equities require that the Plaintiff's Motion for Remand be **DENIED**.
2 An order to that effect will be entered. The recommendation of this Court that the District Court
3 withdraw the reference as to this adversary and the new adversary will be filed by this Court. The parties
4 should then file any pleadings regarding that matter with the District Court.

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26                                       _/s/ Patricia C. Williams_
                                           Patricia C. Williams
27                                            Bankruptcy Judge
                      12/02/2011 16:22:54
28

MEMORANDUM DECISION RE: . . .   - 10