**So Ordered.**



Patricia C. Williams
Bankruptcy Judge

**Dated: November 13th, 2013**

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re: | DC No. 11-CV-0449-LRS |
| AMERICANWEST BANCORPORATION, | No. 10-06097-PCW11 |
| Debtor(s). | |
| CAPPELLO CAPITAL CORP., | |
| Plaintiff(s), | Adversary No. 11-80323-PCW |
| vs. | REPORT AND RECOMMENDATION RE: AMERICANWEST BANK'S FURTHER SUBMISSION REGARDING ATTORNEY'S FEES AWARD |
| AMERICANWEST BANK, et al., | |
| Defendant(s). | |

The Honorable Patricia C. Williams, sitting in the United States Bankruptcy Court for the Eastern District of Washington, hereby files this Report and Recommendation concerning defendant AmericanWest Bank's Further Submission Regarding Attorney's Fees Award (DC Case No. CV-11-0449-LRS, ECF Nos. 72 and 73).

REPORT AND RECOMMENDATION RE: . . . ~ Page 1

This Report and Recommendation is made pursuant to the Honorable Lonny R. Suko's Order Referring AmericanWest Bank's Further Submission Regarding Attorney's Fees for Report and Recommendation entered on October 22, 2013 (DC Case No. 11-CV-0449-LRS, ECF No. 78).

It is recommended that AmericanWest Bank's Further Submission Regarding Attorney's Fees for Report and Recommendation Motion for Award of Attorney's Fees be granted. The basis for the recommendation is set forth in the attached Memorandum Decision filed herewith.

///REPORT AND RECOMMENDATION///

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re: | DC No. CV-11-0449-LRS |
| AMERICANWEST BANCORPORATION, | No. 10-06097-PCW11 |
| Debtor(s). | |
| CAPPELLO CAPITAL CORP., | |
| Plaintiff(s), | Adversary No. 11-80323-PCW |
| vs. | MEMORANDUM DECISION RE: AMERICANWEST BANK'S FURTHER SUBMISSION REGARDING ATTORNEY'S FEES AWARD |
| AMERICANWEST BANK, et al., | |
| Defendant(s). | |

Pursuant to the orders of the District Court for the Eastern District of Washington in CV-11-0449-LRS, ECF Nos. 70 and 78, AmericanWest Bank ("AWB") seeks a supplemental award of fees and costs. The request includes fees of $239,379.08 and costs of $854.48 in relation to the employment of Davis Wright Tremaine for the period beginning roughly on January 4, 2013 and ending on

MEMORANDUM DECISION RE: . . . ~ Page 1

approximately October 11, 2013. The request also includes charges of $20,279.18 in relation to the employment of Orange Legal from January 1, 2013 to July 11, 2013.

Cappello Capital Corporation ("Cappello") objected to the supplemental award of fees and costs claiming that the requested fees are excessive and exceed a contractually imposed cap of $275,000.00. This court addressed this issue when rendering its decision regarding the initial award in its Memorandum Decision and Report and Recommendation (ECF No. 286) in the above-captioned adversary proceeding. The district court adopted this Report and Recommendation on October 4, 2013 in CV-11-0449-LRS, ECF No. 71. The issue was resolved adversely to Cappello in the prior decision. In addition to the objections referenced above, Cappello preserved other objections it made to the initial award of fees. However, this court also resolved those objections in the decision adopted by the district court.

The billing invoices of Davis Wright Tremaine submitted in support of the supplemental request have been reviewed entry-by-entry. Those submitted for Orange Legal have been reviewed in less detail. As discussed in the above-referenced decision regarding the initial request, the invoices of Davis Wright Tremaine reflect "block billing." This court applied the method of analysis utilized in the above-referenced decision (ECF No. 71) to the block billing at issue here.

With some exceptions, the invoices reflect AWB's efforts to recover its attorney's fees and related expenses as the prevailing party in this adversary proceeding. In other words, this supplemental fee request represents the efforts of AWB to prepare, argue and obtain the initial award of fees. Cappello does not argue and has not raised any issue whether AWB is entitled to reimbursement for fees incurred in seeking and litigating the initial fee request.

Both the bankruptcy court and the district court have a duty to determine whether requested fees are reasonable. That determination has various components such as hourly rates, necessity for particular legal tasks, quality of service, etc. This supplemental request, with few exceptions, represents services relating to the initial fee request. The issue is whether the fees contained in this supplemental request are reasonable.

The initial fee request covered the period from the beginning of the litigation to the end of 2012 and exceeded $4,000,000.00. At the court's request, the parties provided copies of all pleadings, invoices and other documentation regarding that request, which constituted four large notebooks. Due to the fact that the reference had been withdrawn, the bankruptcy court's determination of the initial fee request was sent to and reviewed by the district court. Thus, the parties filed numerous pleadings and argued the issues vigorously before two courts thereby expending a great deal of resources on the initial fee request.

Plaintiff has charted the dates and amounts of the invoices relating to this supplemental fee request as follows:

| Davis Wright Tremaine 2013 Invoices | | | | |
|---|---|---|---|---|
| Invoice # | Invoice Date | Service Date Range | Fees | Disbursements |
| 6128901 | 3/15/2013 | 1/4/13-1/31/13 | $25,864.73 | $97.20 |
| 6133647 | 3/31/2013 | 2/1/13-2/28/13 | $76,726.86 | $55.80 |
| 6148325 | 5/29/2013 | 3/1/13-4/30/13 | $65,392.44 | $40.31 |
| 6154604 | 6/25/2013 | 5/1/13-5/31/13 | $35,940.93 | $536.63 |
| 6161386 | 7/26/2013 | 6/3/13-6/30/13 | $18,096.60 | $120.34 |
| 6167653 | 8/27/2013 | 7/1/13-7/31/13 | $8,864.96 | $2.10 |
| 6173161 | 9/20/2013 | 8/1/13-8/31/13 | $4,683.51 | $2.10 |
| WIP | 10/11/2013 | 9/1/13-10/11/13 | $3,809.05 | |
| | | Total | $239,379.08 | $854.48 |

| Orange Legal 2013 Invoices | | | |
|---|---|---|---|
| Invoice # | Invoice Date | Service Date Range | Fees |
| 13645 | 1/31/2013 | 1/1/13-1/31/13 | $4,256.04 |
| 14073 | 2/28/2013 | 2/1/13-2/28/13 | $4,147.34 |
| 14284 | 3/31/2013 | 3/1/13-3/31/13 | $3,815.40 |
| 14493 | 4/30/2013 | 4/1/13-4/30/13 | $4,690.40 |
| 14971 | 7/11/2013 | | $3,370.00 |
| | | Total | $20,279.18 |

In the early period covered by the supplemental request from January 4, 2013 to March 29, 2013, events were occurring in both courts that were primarily directly related to the initial fee request. The district court heard some procedural matters that were indirectly related to the initial fee request. The issues raised in the district court had to be resolved before further action could be taken by the bankruptcy court regarding the initial fee request. AWB estimates that during this early period, approximately two-thirds of the fees now at issue were directly related to the events

MEMORANDUM DECISION RE: . . . ~ Page 4

in the bankruptcy court regarding the initial fee request and approximately one-third were related to the events in the district court. Cappello has not contested that allocation and this court's review of the submitted invoices supports the allocation. In total, the fees for the early period appear reasonable based upon the review of the applicable billing invoices, the dockets for that period in both the bankruptcy and district courts, and this court's familiarity with the issues and process.

All fees and costs incurred for the next period -- April 1, 2013 to mid-June 2013 -- represented tasks directly related to the initial fee request. At that time, the bankruptcy court was in the process of reviewing the initial fee request. This court issued a Memorandum Decision and Report and Recommendation in June. The fees contained in this supplemental request for that period of time appear reasonable based upon the review of the applicable billing invoices, the dockets for that period in both the bankruptcy and district courts, and this court's familiarity with the issues and process.

The Report and Recommendation was transmitted to the district court on August 27, 2013. All fees in this supplemental request for the period from mid-June 2013 through October 11, 2013 are directly related to the review by the district court of the bankruptcy court's Memorandum Decision and Report and Recommendation regarding the initial fee request. The fees and costs requested for this period appear reasonable based upon the review of applicable billing invoices, the dockets for that

period in both bankruptcy and district courts, and this court's familiarity with the issues and process.

Other than preserving the objections it raised regarding the initial fee request, Cappello has not objected to the supplemental award. This court addressed and disposed of those particular objections in its decision concerning the initial award. In sum, this court has reviewed the supplemental request and determined that the fees and costs are reasonable.

The fees and related costs in the supplemental request which total $260,512.74 should be awarded as follows:

| | |
|---|---|
| $239,379.08 | Davis Wright Tremaine Fees |
| $      854.48 | Davis Wright Tremaine Costs |
| <u>$  20,279.18</u> | Orange Legal Fees |
| $260,512.74 | Total Fees/Costs Awarded |

/// END OF MEMORANDUM DECISION ///